IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ELLA BEASLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | )   CIV-11-703-F |
| v. | ) |
| | ) |
| MICHAEL J. ASTRUE, | ) |
|   Commissioner of Social Security | ) |
|   Administration, | ) |
| | ) |
| Defendant. | ) |

REPORT AND RECOMMENDATION

Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying her concurrent applications for disability insurance and supplemental security income benefits under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1382. Defendant has answered the Complaint and filed the administrative record (hereinafter TR___), and the parties have briefed the issues. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that the Commissioner's decision be affirmed.

I. Background

On October 15, 2008, Plaintiff filed her applications for disability benefits and alleged she became disabled on September 12, 2008. (TR 116-118, 121-122). As her disabling impairments, Plaintiff identified "[b]ack and leg pains, arthritis in shoulders, no collar bone, hip, knees, bursitis,

ankles." (TR 137). She indicated she had 4 or more years of college and/or vocational training and previous work as an auditor, cashier, secretary, cook, and sewing machine operator. (TR 141, 154). Plaintiff's applications were denied on administrative review. (TR 49-53). At Plaintiff's request, a hearing *de novo* was conducted before Administrative Law Judge Moser ("ALJ") on January 4, 2010. (TR 30-47). Plaintiff and a vocational expert ("VE") testified at this hearing. The ALJ subsequently issued a decision on February 26, 2010, in which the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act and denied Plaintiff's applications for benefits. (TR 17-26). The Appeals Council declined to review this decision. (TR 2-4).

II. <u>Standard of Review</u>

Plaintiff now seeks judicial review of the final decision of Defendant Commissioner embodied in the ALJ's determination. Judicial review of a decision by the Commissioner is limited to a determination of whether the Commissioner's factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. <u>Doyal v. Barnhart</u>, 331 F.3d 758, 760 (10th Cir. 2003). This review does not contemplate reweighing the evidence or substituting the Court's judgment for that of the Commissioner. <u>Hamilton v. Secretary of Health & Human Servs.</u>, 961 F.2d 1495, 1498 (10th Cir. 1992). The "determination of whether the ALJ's ruling is supported by substantial evidence must be based upon the record taken as a whole. Consequently, [the Court must] remain mindful that evidence is not substantial if it is overwhelmed by other evidence in the record." <u>Wall v. Astrue</u>, 561 F.3d 1048, 1052 (10th Cir. 2009)(citations, internal quotation marks, and brackets omitted).

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which

can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(i). The Commissioner follows a five-step sequential evaluation procedure to determine whether a claimant is disabled. Doyal, 331 F.3d at 760. The claimant has the burden of establishing a prima facie case of disability at the first four steps. Id. In this case, Plaintiff's claim was denied at step four of the sequential process.

III. ALJ's Decision

Following the required sequential analysis, the ALJ found at step one that Plaintiff met the insured status requirements of the Social Security Act through the date of the decision and that she had not engaged in substantial gainful activity since her alleged disability onset date, September 12, 2008. (TR 19). The ALJ noted, however, that Plaintiff stated she was working about eight days a month as a substitute teacher at the time of the hearing and she had earnings from another position of almost $900.00 during the third quarter of 2009.

At step two, the ALJ found that Plaintiff had a severe impairments due to back and hip pain and degenerative joint disease. (TR 20). At the third step, the ALJ found that the medical evidence did not contain findings sufficient to satisfy or equal those of a listed musculoskeletal impairment. Proceeding to step four, the ALJ reviewed the medical and non-medical evidence in the record, including Plaintiff's testimony and statements in the record concerning her usual daily activities and functional limitations. (TR 20-24). The ALJ concluded that despite her severe impairments Plaintiff had the residual functional capacity ("RFC") to perform a wide range of sedentary and light work except that she could not stoop more than occasionally and she could not claim ladders, ropes, or scaffolds. (TR 20, 24). Relying on the VE's testimony concerning the exertional requirements of Plaintiff's past relevant work and the availability of work for an individual with Plaintiff's RFC for work, the ALJ concluded that Plaintiff was not disabled

because she retained the capacity to perform her previous jobs as a cashier, sewing machine operator, general clerk, and substitute teacher. (TR 24-25).

IV. Pain

Plaintiff contends that the ALJ erred as a matter of law because the ALJ did not conduct a proper credibility analysis concerning Plaintiff's allegation of disabling pain. The ALJ acknowledged that Plaintiff had a pain-causing impairment due to degenerative joint disease. Thus, Plaintiff was "entitled to have [her] nonmedical objective and subjective testimony of pain evaluated by the ALJ and weighed alongside the medical evidence." Kepler v. Chater, 68 F.3d 387, 390 (10th Cir. 1995).

The framework for evaluating a claim of disabling pain is well established. The ALJ must consider (1) whether the claimant has established a pain-producing impairment by objective medical evidence; (2) if so, whether there is at least a "loose nexus" between the impairment and the claimant's subjective allegations of pain; and (3) if so, whether, considering all of the evidence, both objective and subjective, the claimant's pain is in fact disabling. Luna v. Bowen, 834 F.2d 161, 163-164 (10th Cir. 1987).

"Subjective complaints of pain must be evaluated in light of [the claimant's] credibility and the medical evidence." Ellison v. Secretary of Health & Human Servs., 929 F.2d 534, 537 (10th Cir. 1990). In assessing credibility, the ALJ must consider such factors as

> the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the province of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

Hargis v. Sullivan, 945 F.2d 1482, 1489 (10th Cir. 1991); see Luna, 834 F.2d at 165-166.

The ALJ's decision reflects an adequate consideration of the relevant factors in determining Plaintiff's credibility. The ALJ first acknowledged that "once an underlying physical or mental impairment(s) that could reasonably be expected to produce the claimant's pain or other symptoms has been shown, the undersigned must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms" as well as "make a finding on the credibility of the [claimant's] statements based on a consideration of the entire case record." (TR 20).

The ALJ reviewed the sparse medical record and Plaintiff's testimony and statements concerning her functional abilities and usual daily activities. (TR 21-23). Having found the existence of a pain-producing impairment, the ALJ evaluated Plaintiff's credibility and found that her subjective statements of disabling pain and limitations were not credible "to the extent they are inconsistent with" the residual functional capacity ("RFC") for a limited range of light work, as ascribed by the ALJ. First, as reasons for discounting her credibility, the ALJ noted that Plaintiff was "prone to exaggeration" concerning her weight gain based on inconsistencies between her statements and the medical record. (TR 23). The ALJ also noted that, although Plaintiff stated she needed a cane for walking, no medical provider had prescribed a cane for Plaintiff and an examining physician had observed Plaintiff was able to walk without the need of any assistive device. (TR 23). Finally, the ALJ found that the medical evidence contained only "minimal findings" that did not show "progressive physical deterioration which might be expected when there is intense and continuous pain" and that Plaintiff's usual activities did not appear to be restricted by her alleged disability but rather by choice. (TR 23).

No error occurred with respect to the ALJ's credibility determination. Moreover, the ALJ's credibility findings are supported by substantial evidence in the record. Plaintiff reported she experienced pain in her lower back, knees, left leg, and hips. (TR 36-37). However, Plaintiff

has rarely sought medical treatment for pain or a pain-causing impairment. In fact, there is no record showing Plaintiff sought treatment for leg or hip pain until March 2009. When she was examined at a clinic in March 2009, Plaintiff acknowledged that she had not previously sought medical treatment for her pain complaints. (TR 267).

No physician found that Plaintiff was disabled due to severe pain. Plaintiff testified that she "seldom" used a cane, could pick up her twenty-pound grandson, spent most of her time lying on a couch and watching television, and took over-the-counter pain medication for headaches. (TR 38-41). As the ALJ pointed out in her decision, although Plaintiff reported to the consultative examiner, Dr. Metcalf, that she had experienced hip pain for many years and "need[ed] a hip replacement," she exhibited full range of motion in her back and hips, normal muscle strength, no neurological or sensory deficits, normal walking pace, and the ability to heel, toe, and tandem walk without difficulty. (TR 209-211). At that time, she complained of left leg pain occurring only every two years and improved with anti-inflammatory and over-the-counter pain medications. (TR 261-262). X-rays taken during this examination revealed the presence of some congenital deficits, including a short fibula in her right knee, the absence of the clavicle bones, and no femoral neck in her hips. (TR 253-260, 263). She again exhibited normal range of motion in her shoulders. (TR 266). No particular treatment was prescribed, and although Plaintiff was advised to return in fifteen days there is no record that she returned for a follow-up appointment. (TR 267).

Based on the well-supported reasons given by the ALJ and the medical evidence in the record, the ALJ's credibility determination should not be disturbed.

V. Step Four Decision

Plaintiff contends, first, that the ALJ erred by failing to ascertain whether the VE's

testimony was consistent with the information contained in the United States Department of Labor's *Dictionary of Occupational Titles* ("DOT"), as required by Haddock v. Apfel, 196 F.3d 1084 (10th Cir. 1999). In Haddock, the Tenth Circuit Court of Appeals held that an "ALJ must investigate and elicit a reasonable explanation for any conflict between the [DOT] and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability." Id. at 1091.

Plaintiff has not identified any conflict between the DOT and the VE's testimony at Plaintiff's administrative hearing. The VE indicated during the hearing that the DOT provided the skill and exertional information on which the VE formed her opinions. (TR 44). Thus, the ALJ was not required to investigate any "conflict between the [DOT] and expert testimony," see id., and no error occurred in the step four decision.

Plaintiff contends that the ALJ also erred in relying on her work as a substitute teacher as past relevant work which she was capable of performing. Even assuming, however, that the ALJ erred in relying on this job in the decision, no error occurred. The ALJ posed hypothetical inquiries to the VE which included all the impairments and functional limitations supported by the record. In response, the VE testified that several of Plaintiff's previous jobs would be available to Plaintiff in light of these impairments and limitations. The VE's response that Plaintiff could perform several of her previous jobs provided substantial evidence to support the ALJ's conclusion she was not disabled. Thus, the Commissioner's decision should be affirmed.[1]

---

[1] Plaintiff also contends that the ALJ erred in failing to explain the weight given to the "opinions" of a consultative examiner and another one-time medical examiner, Dr. Parekh. Neither of these physicians were treating physicians, and neither of these physicians provided opinions or objective findings that were inconsistent with the ALJ's RFC assessment. The ALJ's decision reflects consideration of these medical records. Thus, no error occurred in this respect.

RECOMMENDATION

In view of the foregoing findings, it is recommended that judgment enter AFFIRMING the decision of the Commissioner to deny Plaintiff's applications for benefits. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court on or before      February 16th     , 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this     27th      day of      January    , 2012.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE